PAUL OPITZ, *et al., Appellants,* v. FREDERICK A. MORGAN AS ADMINISTRATOR WITH WILL ANNEXED OF WILLIAM TREUTLER, DECEASED, *Appellee.*

Opinion Filed December 9, 1914.

1. A motion to dismiss a bill in equity for want of equity is not known to our practice.
2. The Circuit Courts, as courts of equity, have jurisdiction to compel accounting and discovery and to give appropriate relief in cases of mismanagement of estates by administrators and executors, particularly where the probate courts cannot administer the relief necessary to complete justice in the premises.

Appeal from the Circuit Court for Brevard County; Jas. W. Perkins, Judge.

Order reversed.

*F. J. Webb* and *Bisbee & Bedell,* for Appellants;

*Rufus M. Robbins* and *Minor S. Jones,* for Appellee.

WHITFIELD, J.—A bill in equity was brought by benefi ciaries of an estate alleging various acts of mismanage ment of the estate by the administrator with the will an-

nexed and praying for an accounting, for discovery and for general relief. A demurrer to the bill of complaint on the ground that the relief sought could be had in the County Judge's Court, in which court the settlement of the estate is pending, was sustained. An amended bill was filed and on motion it was dismissed. The complainants appealed.

A motion to dismiss a bill in equity for want of equity is not known to our practice. See Hull v. Burr, 61 Fla. 625, 55 South. Rep. 852.

Under the Constitution of 1868, which gave Circuit Courts "original jurisdiction in all cases in equity," and "appellate jurisdiction of matters pertaining to the probate jurisdiction and the estates and interests of minors in the county courts," it was held that a court of equity has concurrent jurisdiction with the probate court over the administration of the assets of deceased persons, and that the probate court may remove an administrator, but it cannot grant the same relief as a court of chancery. Sanderson's Admr. v. Sanderson, 17 Fla. 820, text 831.

Under the present Constitution the Circuit Courts "have exclusive original jurisdiction in all cases in equity * * * and *supervision* and appellate jurisdiction of matters arising before County Judges pertaining to their probate jurisdiction, or to the estates and interests of minors."

It seems clear that the Circuit Court as courts of equity have jurisdiction in all such cases as this particularly where as in this case the probate court cannot administer the relief necessary to complete justice in the premises. This was the rule under the Constitution of 1868. See Ritch v. Bellamy, 14 Fla. 537.

The order appealed from is reversed.