LEERESSIE ANDERSON v. G. W. SPENCER.

149 So. 658.
En Banc.
Opinion Filed August 10, 1933.
Petition for Rehearing Denied September 14, 1933.

G. P. *Garrett, Maxwell R. Bein,* for Appellants;

E. F. *Householder* and *DeCottes & Spencer,* for Appellee.

PER CURIAM.—The County Judge of Seminole County appointed the appellee as curator of the estate of Sam Jones, a deceased intestate. A previous appointment of the same party as administrator had been revoked at the time. Thereafter the appellant, Leeressie Anderson, claiming in her bill of complaint to be the common law wife of the deceased, Sam Jones, filed her suit in equity for the purpose of enjoining the curator from further administering and preserving the estate. She also asked in addition thereto that the chancery court determine her rights as a common law wife, under the allegations of her bill of complaint, and that she be appointed as administrator or curator of the estate with full authority to supersede the curator appointed by the county judge. Other relief by way of discovery, accounting, subrogation, contribution, etc., was prayed. The Chancellor sustained a motion of the defendant to dismiss the bill and complainant below has appealed from that order.

The appointment by the county judge of a curator for an intestate estate is not subject to collateral attack by bill in equity brought by an alleged beneficiary of the estate, no

special equity of complainant's part to have the county judge's curator superseded being shown, such mismanagement on the part of the curator, or that the probate court cannot administer the relief necessary to do complete justice in the premises. Opitz v. Corgan, 68 Fla. 469, 67 Sou. Rep. 67; Rich v. Bellamy, 14 Fla. 537. Section 5614 C. G. L., 3741 R. G. S., provides a plain, complete and adequate means by which the curator appointed by the county judge can apply to the circuit court for authority to carry on and conduct the going trade or business of the deceased if that be deemed necessary. No showing is laid in the bill for the conclusion that because of mismanagement or misconduct of the present curator, it is necessary that equity take charge of the estate for accomplishing the purpose that the statute provides for without such procedure.

The decree appealed from should be affirmed without prejudice to appropriate proceedings by the complainant for the assertion of any right she may have based on the contention that she is the lawful widow of the deceased, Sam Jones , the present suit not being the proper method of procedure to have that question determined.

Affirmed without prejudice.

DAVIS, C. J., and WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.