JOHN LINK, *et al.,* v. MARY JANE LINK FRIOU, *et vir.*

· 156 So. 719.
Division B.
Opinion Filed July 19, 1934.
Petition for Rehearing Denied August 8, 1934.

*Giles & Gurney,* for Appellants;
*George P. Garrett,* for Appellees.

PER CURIAM.—In this case the facts are that John Link was appointed guardian for his daughter Mary Jane Link. Indemnity Insurance Company of North America became surety on the guardian's bond. Certain moneys came into

the hands of the guardian and he made a loan from such funds to Virginia H. Jones and her husband, S. S. Jones. The loan was secured by a mortgage and was made on July 2, 1926, and was payable on September 29, 1928. The guardian filed petition with the County Judge praying authority to make the loan as guardian. An order was made and duly entered by the County Judge authorizing the guardian to make the loan, although it then appeared that such loan was in violation of Section 3973 R. G. S., 5893 C. G. L., in that the loan was to run for a period of more than one year from the date thereof and was made on private security.

The loan having been made in violation of law, although it was approved by the County Judge, the guardian and his security became liable to the ward for any loss occasioned by reason of the loan being made, unless it appears that the ward, after becoming of age, ratified the acts of the guardian and released the guardian and his surety from liability by reason of the making of such unlawful loan.

The ward was married before she became of age and after becoming of age she demanded a settlement with her guardian. No final settlement was ever made and neither is there any proof in the record that she ever accepted the mortgage and notes taken for this loan in settlement of any claim against her guardian or the sureties on the bond. It is true that the record shows that the notes and mortgage were delivered to her by her guardian after she became of age and that she made some effort to collect the amount of the loan from the mortgagors. This may be construed as some evidence of ratification, but we do not think that it constituted conclusive proof of ratification and the question of whether or not she ratified the unlawful loan was one for determination *by the Chancellor* in the trial of the cause

when she instituted and prosecuted her suit against the guardian and his surety to recover the money unlawfully loaned.

The decree in this suit was in favor of the ward against the guardian and sureties on his bond. We find no reversible error in the record. Therefore, the decree should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, ELLIS and BUFORD, J. J., concur.

DAVIS, C. J., and BROWN, J., dissent.

TERRELL, J., not participating.

DAVIS, C. J. (dissenting).—I think that implied ratification at least was shown in this case.