W. CECIL GRANT, as ADMINISTRATOR of the Estate of Emma Amiker, deceased, SALLIE McDONALD, MARTHA C. BYRD, MARY A. SAVAGE, T. L. SMITH, T. A. ADAMS, and EDWARD MACDONALD, an insane person, v. WILLIE AMIKER and ANNIE AMIKER TAYLOR, a widow.

162 So. 712.
Opinion Filed July 5, 1935.

*Ray Selden,* for Appellants;

*Charles E. Booth,* for Appellees.

Davis, J.—Emma Amiker, upon qualification as administratrix of the estate of one Akin Amiker, upon qualification as administratrix of the estate of one Akin Amiker, deceased, pursuant to her appointment as such by the County Judge of Volusia County, made and filed her administrator's bond, the penal rendition of which reads as follows:

"The Condition of This Obligation Is Such, That if the above bounden Emma Amiker of all and singular the goods and chattels, rights and credits of A. Amiker, deceased, do make, or cause to be made, a true and perfect inventory of all and singular the goods, chattels, rights and credits of said deceased, which have or shall come to the hands, possession, control or knowledge of her the said Emma Amiker, or in the hands of any person or persons for and the same so made do cause to be filed in the office of the Judge of the County Judge's Court for the County of Volusia, at or before the............day of............ next ensuing, and all the goods, chattels, rights and credits of the said deceased at the time of the death of the said deceased, which at any time after shall come to the hands or possession of the said Emma Amiker, or into the hands or possession of any other persons for her do well and truly administer according to law, and further make, or cause to be made, a true and just account of her administration when required, and all the rest and residue of said goods,

chattels, rights and credits which shall be found remaining upon the final amount, the same being first examined and allowed by the County Judge's Court of the County where the said administration is granted, and shall deliver and pay to such person or persons, respectively, as the said Court by its order or decree, pursuant to the true intent and meaning of the law, shall appoint and direct; and if it shall thereafter appear that any last will and testament was made by the said deceased, and the executors therein named do file the same in the office of the said Court, making request to have it allowed and approved, and the said will is allowed and approved by the said Court, then if the said Emma Amiker, above bounden, being thereunto required, do render and deliver in her said letters of administration, then this obligation to be void and of no effect; otherwise to remain in full force and virtue."

During the course of her administration, Emma Amiker died. The present suit originated as one in equity for an accounting brought by Willie Amiker as administrator *de bonis non* of the estate of Akin Amiker, deceased, to charge the estate of his deceased administratrix, Emma Amiker, with certain liabilities arising out of an alleged breach of her duties as administratrix, and to hold liable in the same suit, the two sureties who had signed her administrator's bond as such at the time of her assumption of responsibility as administratrix of the Akin Amiker estate.

The prayer of the bill was that the defendant, W. Cecil Grant, as administrator of the estate of Emma Amiker, the deceased administratrix of the Akin Amiker estate, be held to account for all acts, doings, receipts and disbursements, and for all matters concerning, Akin Amiker Estate; that such an accounting being duly taken, that the Court by its final decree fix the sum or sums due the estate

of Akin Amiker by Emma Amiker, its administratrix, and that such final decree of liability be adjudged to be a charge against the joint defendant sureties, T. A. Adams, and T. L. Smith, as sureties on the Emma Amiker administrator's bond, and that a money judgment be entered by the Chancery Court against the defendant, W. Cecil Grant, as administrator of the estate of Emma Amiker, deceased, together with the defendants, T. A. Adams and T. L. Smith, as sureties on the bond given by Emma Amiker, as administratrix of the Akin Amiker estate.

The Chancellor held with the complainants in the Court below and entered a final decree in accordance with the aforesaid prayers of the bill. It is from such final decree that the appeal now before us has been prosecuted and argued before this court for final consideration and determination in the light of the propositions of law hereinafter discussed in this opinion.

The general rule is that liabilities of sureties on a surety bond cannot be enforced in equity in the absence of equitable considerations giving an equity court the right to exercise equitable jurisdiction with respect to the controversy. First Nat. Bank of St. Augustine v. Perkins, 81 Fla. 341, 87 Sou. Rep. 912. The question of liability on a bond is purely a matter of common law cognizance, and a court of equity cannot acquire jurisdiction of it unless there is some extraneous matter which gives it jurisdiction. 9 C. J. 83.

But the general rule above stated is subject to the equally well recognized exception that where a court of equity has acquired jurisdiction to compel an accounting from a fiduciary, the sureties on the fiduciary's bond may not only be made parties defendant to such suit but their liability on such bond may be enforced in the same suit. Royal Indemnity Co. v. Knott, 101 Fla. 1502, 136 Sou. Rep.

474 (7th head-note). However, before the liability of sureties may be enforced in equity, two things must appear: (1) that equity has jurisdiction to compel an accounting in the circumstances pleaded in the bill, and (2) that there is involved between the complainant in the equity cause and the principal obligor, a fiduciary relationship with which the surety's liability is connected by way of relationship toward the principal.

That an administrator's relationship is a fiduciary one, because it involves the handling, under court supervision, of the earthly possessions of one who has departed this life, in order that creditors, legatees, distributees and other lawful claimants may get the rightful shares to which they are entitled under the law, requires no argument or citation of authority. Indeed, this Court in Opitz v. Morgan, 68 Fla. 469, 67 Sou. Rep. 67, has recognized that, because of the fiduciary relationship of executors and administrators toward those for whom they are appointed to carry out their functions, courts of equity have jurisdiction to compel an accounting and discovery, and to give appropriate relief in all cases of alleged mismanagement of estates by him, in cases where the probate courts cannot administer the relief necessary to do complete justice between the parties.*

In Sanderson v. Sanderson's Adm'rs., 17 Fla. 820, this Court held that a bill in equity by distributees, brought against two co-administrators of an estate, charging mismanagement against one and asking a general accounting against both, embracing in the demand a debt due by one

---

*In American Surety Co. v. Hayden, 112 Fla. 17, 150 Sou. Rep. 114, the guardian of infants died after dissipating the estate of several children, his wards. The Court said that since the guardian left no estate of his own it was proper to go against the sureties on his bond without making his administrator a party.

administrator because he was a partner with deceased, is not multifarious. So while there is undoubtedly a conflict in the decisions as to whether recovery may be had against a surety on a bond in an equity suit (24 C. J. 955), the majority of the courts, hold, as does this one in this case, that liability on an administrator's bond can, under proper circumstances giving equity jurisdiction to compel an accounting and discovery, be enforced in equity as an incident to the equitable relief sought. 24 C. J. 1095.† The case of Howse v. Moody, 14 Fla. 59, holding that a cause of action arising from a breach of condition of the administrator's bond cannot be united with a cause of action' against the administration arising from acts *of the deceased intestate* in fraudulently disposing of his property, was decided on the basis that in that case there was an improper joinder of several causes of action against different parties in the same complaint, while in the present case the cause of action is one, but sought to be made enforceable against several in different capacities.

We hold, therefore, that where an administrator has become liable to a suit for accounting and discovery with reference to his administration, that a court of equity may adjudge as an incident to the main equitable controversy, a breach of the administrator's bond and may enforce a cause of action arising out of such breach by giving judgment on the bond against both principal and sureties—the only limitation being that in the judgment or decree rendered, execution on it must be so limited as to require sat-

---

†Chapter 16103, Acts 1933 (the 1933 Probate Act) expressly takes care of a situation such as arose in this case, although that Act was not applicable to the estate herein involved. See Section 156, "Devastavit," and Section 157, "Who May Suggest Devastavit," for the pertinent provisions of that Act.

isfaction first against the principal, unless he is shown to be insolvent, and secondarily against the sureties. May v. May, 19 Fla. 373.

The order of the Chancellor permitting an amendment of the bill of complaint does not appear to be violative of the controlling statutes on the subject (Section 4902 [8], 4902 [10], 1934 Cumulative Supplement C. G. L.), therefore the assignment of error predicated on the Chancellor's order of February 13, 1934, is not sustained.

Nor has it been made to appear that the Chancellor's order made pursuant to Section 4921 (2), 1934 Cumulative Supplement, C. G. L., limiting the time for taking the testimony in the case to sixteen days was an abuse of discretion for which reversal should be ordered. No showing is made that the appellants were deprived of the right to offer further evidence, or that any evidence would have been offered by them had the full three months statutory period been allowed to run, hence the ruling of the court below is not shown to have been prejudicial, nor to have resulted in any injury to the complaining parties.

The final decree should be modified to conform to the holding of this Court in the 9th headnote of May v. May, 19 Fla. 373, with reference to its enforcement against the parties found liable as sureties, and as so modified, should be affirmed, and it is so ordered.

Decree modified and affirmed.

WHITFIELD, C. J., and BROWN, J., concur.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.