ANNA A. KRIVITSKY, as sole remaining trustee of the Trust Estate of Fred J. Harpster, Sr., deceased, et al., v. H. H. NYE, individually and as Administrator of the Estate of Fred J. Harpster, Sr., Deceased, and AMERICAN SURETY COMPANY, a corporation.

19 So. (2nd) 563                                    June Term, 1944
October 23, 1944                                    Division A
Rehearing denied November 15, 1944

*Calvin Johnson, Howard E. Joseph* and *Mabry, Reaves, Carlton, Anderson & Fields,* for appellants.

*Horn & Ossinsky, Louis Ossinsky, Sutton, Reeves & Allen, G. L. Reeves* and *LeRoy Allen,* for appellees.

CHAPMAN, J.:

On February 19, 1927, an inventory appraisement was filed in the County Judge's Court of Volusia County, Florida, which fixed the value of the Fred J. Harpster, Sr., estate at the sum of $235,363.28. A corrected appraisal fixed the value at the sum of $237,613.75. The estate, as shown by the record, owned stocks, bonds, real estate mortgages, and contracts involving real estate situated in the States of Florida and Ohio. Land of considerable value situated in the two States likewise were owned by the estate. The annual income arising from the property of the estate about the time of decedent's death approximated $17,000.00. It is alleged that the true value of the estate about the time was about $240,000.00. The late Mr. Harpster directed the disposition of all of his property and estate by the terms of his last will and testament. He had, prior to moving to Daytona Beach, Florida, resided in Elyria, Ohio, and owned considerable stock in the Elyria Savings & Trust Company at the time of his death. The terms and provisions of his will nominated the Elyria Savings & Trust Company of Elyria, Ohio, executor and trustee of his estate and thereby authorized it to assume and discharge all the duties imposed, without the giving of a formal bond. The Elyria Savings & Trust Company did not assume the duties imposed by the last will and testament because it was not legally authorized to function as such trustee in the State of Florida. Broad grants of power in the management and handling of all property of the estate by the terms of the will were given to the Elyria Savings & Trust Company.

Mr. H. H. Nye, a stockholder and trust officer of the Elyria Bank & Trust Company, then residing in Elyria, Ohio, was appointed as administrator C.T.A. of the Harpster Estate by the County Judge of Volusia County, Florida. He qualified as administrator C.T.A. and filed a suitable bond with the American Surety Company, a party to this suit, as surety. The administrator, shortly after appointment by the Florida Court, took or removed the assets from the State of Florida to Elyria, Ohio. Additional facts concerning this controversy appear in our former opinion. See Krivitsky v. Nye, 152 Fla. 614, 12 So. (2nd) 595.

On November 23, 1936, the County Judge of Volusia County, Florida, made and entered an order of final discharge as administrator C.T.A. of the estate of Fred J. Harpster, Sr., and in the same order discharged the bonding company as surety. On September 22, 1941, Anna Krivitsky, as trustee of the Fred J. Harpster, Sr., trust estate, filed in the Circuit Court of Hillsborough County, Florida, a bill in equity against H. H. Nye, individually and as administrator of the Harpster estate, and the surety on the administrator's bond. The chancellor below entered an order sustaining a motion to dismiss the bill of complaint and the plaintiff below appealed.

The bill of complaint in substance alleged that Nye took possession of all the assets of the estate and took them with him from Florida to Elyria, Ohio; that he participated in procuring an ancillary administration upon the personal property in Elyria on the part of the Elyria Savings & Trust Company, in which he was a stockholder and trust officer; that it was his legal duty to speedily close the administration of the estate in Volusia County, Florida, but permitted and allowed the same to remain in the custody and control of the Elyria Savings & Trust Company so as to obtain large fees for alleged services rendered and pursued an unlawful course of conduct in the management of the estate, thereby causing waste, diversion and intentional and unlawful dissipation of the estate for gain for himself and Elyria Savings & Trust Company; that this course of management of the estate continued from 1927 until 1935, and the estate dwindled and shrunk in value from $240,000.00 to less than $100,000.00, causing a loss of approximately $137,000.00; and the income of the estate dwindled or shrunk from an annual income of around $17,000.00 to less than $3,000.00.

(1) It is further alleged that many thousands of dollars were unlawfully paid or wasted as executor's fees, attorney's fees, and other unlawful expenses in the wasteful administration of the assets of the estate in Ohio; (2) the unlawful investment by the adminstrator of $16,000.00 in land certificates which depreciated to a value of $7,000.00; (3) the administrator unlawfully invested large sums of money belonging to the estate in various stocks in different corporations,

resulting in heavy losses to the estate; (4) the estate was susceptible of being closed within twelve months, but he unlawfully prolonged the administration thereof for a period of eight and one-half years, and the assets depreciated in value and became worthless; (5) losses occurred by the failure of the administrator to collect notes due the estate; (6) that Florida properties were by the administrator neglected and mismanaged (7) the real estate in Ohio was neglected and mismanaged by the administrator, causing heavy losses to the estate; (8) the administrator paid large sums in real estate and inheritance taxes to the State of Ohio; (9) the acts and doings complained of on the part of the administrator are illegal; (10) the law determines the powers of an administrator C.T.A. as distinguished from the power conferred on the trustee under the terms of the will; (11) the order of discharge of the administrator dated November 23, 1936, entered by the County Judge of Volusia County, Florida, is illegal and void and is not a substantial compliance with Section 5555, C.G.L.; (12) the annual reports of the administrator to the county judge's court disclose expenditures of the assets of the estate and violate Section 5555 C.G.L.; (13) Section 5555 C.G.L. requires a sixty day published notice of the application of final discharge and such notice, as shown by the record, was not given prior to November 23, 1936; (14) the published notice as given in 1932 was legally insufficient to sustain the order of discharge entered in November, 1936; (15) there was not a true and faithful accounting by the administrator of all the assets of the estate required by Section 5555 C.G.L.; (16) the prayer sought general and special relief.

We have held that invalid orders in probate are subject to attack in manner viz: (1) by direct appellate proceedings; (2) by petition for certiorari; (3) by a bill in equity. See American Surety Co. v. Andrews, 152 Fla. 638, 12 So. (2nd) 599; McBride v. McBride, 142 Fla. 663, 195 So. 602; Carroll v. Carroll, 127 Fla. 226, 172 So. 916; Grant v. Amiker, 120 Fla. 356, 162 So. 712; Ex parte Hansen, 120 Fla. 333, 162 So. 715; Link v. Friou, 116 Fla. 337, 156 So. 719; Allen v. Allen, 111 Fla. 733, 150 So. 237; Cole v. Cole, 106 Fla. 226, 143 So.

235; First Trust & Savings Bank v. Henderson, 101 Fla. 1437, 136 So. 370; Opitz v. Morgan, 68 Fla. 469, 67 So. 67; Benedict v. Wilmarth, 46 Fla. 535, 35 So. 84; Dean v. Wilcoxon, 25 Fla. 980, 7 So. 163; Sanderson v. Sanderson's Adm'rs., 17 Fla. 820; Ritch v. Bellamy, 14 Fla. 537; Smith v. Smith, 210 Fed. 947; Glover v. Brown, 32 Idaho 426, 184 Pac. 649; Schmitz v. Martin, 149 Minn. 386, 183 N. W. 978; Boulton v. Scott, 3 N. J. L. 231.

Grounds of the motion to dismiss are viz: (1) the jurisdiction of the controversy is in the Volusia County Courts; (2) the suit is not transitory in nature but *in rem;* (3) the jurisdiction to adjudicate an accounting is not in Hillsborough county courts but in the Volusia County courts; (4) the orders of discharge entered by the Court of Volusia County are conclusive; (5) the orders of discharge entered by the Volusia County courts cannot be inquired into by the Hillsborough County courts; (6) the matters sought to be litigated have previously been adjudicated; (7) the facts alleged fail to charge fraud, accident, surprise, mistake or excusable neglect; (8) plaintiffs are barred by laches; (9) the orders of discharge entered in Volusia County, Florida, cannot be re-litigated in this Court; (10) the bill is without equity; (11) this Court is without jurisdiction; (12) other grounds of the motion are embraced in those stated *supra.*

The law in force applicable to the administration of estates, prior to the effective date of Chapter 16103, Acts of 1933, commonly known as the Probate Act, is here controlling. Section 5555, C.G.L., provides, among other things, for the making of final returns by an executor or administrator and obtaining an order of discharge as such executor or administrator upon a lawful application therefor to the county judge. Section 5555, *supra,* outlines the procedure observable both by an applicant seeking a discharge and a county judge prior to the approval of the final accounts and the entry of an order discharging the executor or administrator; (1) the application for a discharge must affirmatively show "that sixty days' notice of such intended application has been given" and that such notice of application was "published once each week in a newspaper in the county where the

letters were granted"; (2) it must affirmatively appear from an examination of the reports and accounts as presented to the county judge that the applicant (executor or administrator) "has faithfully and honorably discharged the trust and confidence reposed in him"; (3) when it has finally been made to appear in an application for discharge from the duties of executor or administrator on the part of the applicant that provisions (1) and (2) *supra,* of Section 5555 have each been faithfully kept and observed, then the county judge has the power and jurisdiction to enter a final order of discharge of such executor or administrator and the effects of such final order of discharge are clearly defined and set out by the terms and provisions of Section 5555, *supra.* The limited estate referred to in the foregoing Section has not been considered in our construction or interpretation of this statute.

Notice of application for final discharge was made for a period of sixty days in the Daytona Beach News Journal, a newspaper published in Volusia County, Florida, prior to December 15, 1932. The first issue appeared October 10, 1932, and the last December 12, 1932. On April 15, 1933, an order was entered by the county judge approving the accounts and further ordered that letters of discharge to H. H. Nye, administrator, be issued upon the filing in said Court of a supplementary report showing the final distribution of the balance of the assets then on hand. On November 23, 1933, a subsequent order was entered by the County Judge of Volusia County whereby the previous order of final discharge of H. H. Nye, administrator, was vacated and set aside, and a consideration of a final report and a petition for discharge was reserved by the Court for further consideration.

On August 31, 1934, the County Judge's Court of Volusia County entered an order . . . in which the administrator was directed within thirty days to comply with the many terms and conditions of said order . . . and "file a full and complete account of all receipts and disbursements made by him and to whom made, and the authority by and under which said disbursements were made, together with an inventory of all remaining assets in his hands, if any, and the reason for

the retention thereof." "That upon complying with this order the administrator C.T.A. shall have leave and authority to give *due notice* and re-apply for his final discharge as administrator of said estate."

On August 31, 1934, an amended order was entered in which the administrator was directed to distribute the assets of the estate . . . and accept receipts showing disbursement to the lawful duly appointed trustee of the estate. On October 25, 1934, an order was entered revoking and setting aside the two orders dated August 31, 1934. The last order directed the administrator within fifteen days to file an inventory and report of the assets of said estate in his hands. On July 1, 1935, a stipulation of counsel for the heirs and distributees of the estate was filed with the Court. Par. 4 thereof provided, "That it shall not be necessary for the administrator C.T.A. to re-publish the notice of application for final discharge." On November 8, 1935, a supplemental account and final return was filed in the County Judge's office of Volusia County by H. H. Nye, C.T.A.

On November 23, 1936, the County Judge of Volusia County made and entered a final order of discharge of H. H. Nye, administrator C.T.A.; also the surety on his bond. Pertinent portions are viz: "This cause having been before this Court for consideration on the final report and supplemental report of H. H. Nye, administrator C.T.A. . . . and the objections and exceptions heretofore filed herein, together with additional and supplemental objections and exceptions heretofore filed, and a hearing having been held on January 30, 1936. . . , and the several reports having been audited by me, and found to be true and correct, and H. H. Nye, administrator C.T.A. . . . having heretofore filed his petition for final discharge, and it appearing to the court that due and legal notice of his application for final discharge has been published, as required by law, and that the said H. H. Nye, administrator C.T.A., is entitled to his discharge, and he is hereby discharged and that the American Surety Company, the bondsman on his administrator's bond, be and is hereby discharged.

The entire record of the proceedings had in the County

Judge's Court of Volusia County pertaining to the Harpster estate has been made a part of the record in the case at bar. On pages 1104-5 appear a notice of application for letters of discharge and was published weekly in the Daytona Beach News-Journal from October 10th to December 12th, 1932. The notice, with proof of publication, was filed in the office of the county judge. It is identified as Exhibit No. 44. No other notice of application for discharge, with proof of publication, appears in the record. Predicated on this notice, as required by Section 5555, C.G.L., was the order of conditional discharge dated April 15, 1933. On November 23, 1933, the conditional order of discharge, *supra,* was by the county judge by appropriate order vacated, set aside, and the same stood for naught.

The records of the county judge's office disclose that the administration of the estate continued actively from and after April 15, 1933, until the date of entry of discharge on November 23, 1936, a period of more than three and one-half years. The notice, with proof of publication authorizing a final discharge to conform with Section 5555, *supra,* which was dated November 23, 1936, must rest on the notice filed in the county judge's court during the month of April, 1933.

It was the view of the lower court that the recital appearing in the order of discharge was conclusive and could not be inquired into in an equity cause charging that the order of discharge was void and illegal. The recital is viz:

". . . and the said H. H. Nye, as Administrator Cum Testamento Annexo of the Last Will and Testament and Codicil and Estate of Fred J. Harpster, Sr., Deceased, having heretofore filed his Petition for Final Discharge, and it appearing to the Court that due and legal notice of his application for final discharge has been published, as required by law, and that the said H. H. Nye, as aforesaid, is entitled to his discharge, it is therefore, upon consideration thereof, . . .

"It Is Further Ordered, Adjudged and Decreed that H. H. Nye be, and he is hereby discharged as such Administrator Cum Testamento Annexo of the Last Will and Testament and Codicil and Estate of Fred J. Harpster, Sr., Deceased, and that the American Surety Company of New York, the bondsmen on

his Administrator's bond heretofore required and filed, be, and it is hereby discharged."

The recital in the order of discharge, *supra,* as made by the county judge, to the effect that "it appearing to the Court that due and legal notice of his application for final discharge has been published, as required by law, . . . and he is entitled to his discharge," is not sustained by the record in this cause. This statement in the order of the Court is a mere conclusion of the judge and is in conflict with the record. General recitals of jurisdiction are as to many matters merely conclusions drawn by the Court from inspecting the record and when conflicts develop between the matters of record and recitals in an order, then the record shall control. See Clem v. Meserole, 44 Fla. 234, 32 So. 815, 103 Am. St. Rep. 145; Johnson v. Clark, 145 Fla. 258, 198 So. 842.

The county judge's court is not a court of general jurisdiction in the course of the common law, and the rule of presumption as to jurisdiction not appearing in the record, is not applicable to this Court. Its jurisdiction should appear by its records, and when its records and proceedings do not disclose jurisdiction in a particular case they may be attacked in any collateral proceeding by showing the absence of jurisdiction. See Epping v. Robinson, 21 Fla. 36; State ex rel. Everette v. Petteway, 131 Fla. 516, 179 So. 666.

The jurisdiction and power of a court remains at rest until called into action by a suitor. This action is called into exercise by a pleading and process prescribed or recognized by law. If a court should render a judgment in a case where it has no jurisdiction of the parties, upon a matter entirely outside the issue, it would be unjust and arbitrary as being outside the issues made as being outside the jurisdiction of the subject matter of the particular case, and such judgment would be void and would not withstand a collateral attack, for upon such matter a presumption would arise that the parties had not had an opportunity to be heard because the necessary pleading warranting the court action was not of record. See Ingram-Dekle Lbr. Co. v. Geiger, 71 Fla. 390, 71 So. 552, Ann. Cas. 1918A. 971; Lovett v. Lovett, 93 Fla.

611, 112 So. 768; State ex rel. Campbell v. Chapman, 145 Fla. 647, 1 So. (2nd) 278.

Counsel for appellees contend that the order of discharge dated November 23, 1936, has become final and conclusive as between these litigants; that the recitations as to jurisdiction and publication of notice appearing in the challenged order cannot be impeached or set aside in this equity cause; that under the law this order cannot be collaterally attacked, although entered by a court of limited jurisdiction, where the record discloses that the notice of publication for discharge required by Section 5555, C.G.L., was published approximately three and one-half years prior to the date of the entry of the order but meets the substantial requirements of said Section. The answer to this contention is in our ruling in Pitts v. Pitts, 120 Fla. 363, 162 So. 708.

An examination of the challenged order in the Pitts case discloses that the County Judge's Court of Calhoun County, Florida, on December 30, 1932, made an order which was later held illegal and void and on appeal here duly affirmed. The county judge's court took considerable testimony and his order, in part, recites: "And the court having heard testimony in support of said petition, and being satisfied of the truth of the facts and circumstances therein alleged, and that the order applied for should be made and the administration closed. . . ." The Court held that (1) the estate (life insurance) of John H. Pitts, deceased, by operation of law passed to the father, James S. Pitts; (2) the order closed the administration of the estate; (3) the bank was directed to pay the proceeds of the life insurance to the father of the decedent, to-wit, James S. Pitts; (4) the Fidelity & Deposit Company, the surety on the bond, was by the said order discharged.

It will be observed (1) that the notice to creditors, legatees, and distributees and other persons having claims against them was not published in accordance with Section 5597, C.G.L.; (2) that the method of obtaining a final settlement and order of discharge or the publication each week for a period of sixty days of a notice of application for a final settlement and discharge as referred to in Section 5555,

C.G.L., was never had or made; (3) the order of distribution to the father of the deceased son's insurance was contrary to law.

This order was attacked by bill in equity; answers were filed and considerable testimony taken by the respective parties. On final hearing before the circuit court the order of the county judge's court was set aside and held irregular, null and void. On appeal here the decree of the circuit court was affirmed, when we, in part, said (text 120 Fla. 369-70):

". . . Therefore in probate matters, an order of County Judge sitting as a Court of Probate, is subject to being attacked and set aside as invalid, either on direct appellate proceedings, or by certiorari, or by bill in equity as filed in this case, where the invalid order was made without jurisdiction in the Probate Court to enter such an order at the time it was actually entered, such as where the order was summarily entered without notice or hearing in a case where the statute required a notice and hearing, etc., to be observed before any such order was attempted to be made in a pending probate matter. . . .

". . . that he nevertheless made and entered on December 30, 1932, an illegal final order of court purporting to give his administrator and the surety on his administrator's bond, a *final* discharge, without compliance on the part of such administrator with either Chapter 11994, Acts 1925, Laws of Florida, as amended by Chapter 11994, Acts of 1927, now Sections 5597-5598, C.G.L., or with Section 5555, C.G.L., 3690 R.G.S., compliance with both of which statutes is prerequisite to the jurisdiction of a County Judge to grant an order of *final* settlement and discharge of an administrator, where administration proceedings have once been duly begun and an administrator has been duly appointed and qualified to act as such."

The case of American Surety Co. v. Andrews, 152 Fla. 638, 12 So. (2nd) 599, involved the unlawful investment by a guardian of the funds of an incompetent in real estate mortgages, thereby resulting in heavy losses. The question presented was on whom should these losses fall, i.e. on the estate of the incompetent or on the guardian? The invest-

ments when made by the guardian were reported to and approved by the county judge's court by an appropriate order. The county judge's court entered an order discharging the guardian and his surety, well knowing that heavy losses fell on the estate of the incompetent by the guardian's unlawful investment.

We affirmed a decree of the lower court setting aside the order of discharge and the order approving the investment by the guardian of the incompetent's money in the real estate mortgages. We sustained a decree for the losses against the guardian and his surety. The guardian was charged with a knowledge of the law controlling investments and expenditures of funds of incompetents. The county judge was without legal authority to approve the unlawful investment or to discharge by appropriate order the guardian and his surety, knowing that losses had accrued to the estate of the incompetent because of the investment by the guardian in the questionable securities. The losses, we held, fell on the guardian under these peculiar circumstances, and not on the estate of the incompetent. The record in the case at bar discloses an incompetent and an infant.

It is next contended that the proper forum applicable here in Volusia County rather than Hillsborough County, Florida. The record discloses that H. H. Nye is a non-resident of Florida, but a resident of the State of Ohio. The contention as applicable to the defendant Nye is untenable. See Section 46.01, Fla. Stats. 1941 (FSA) State ex rel. Bernhart v. Barrs, 152 Fla. 631, 12 So. (2nd) 576. As to the defendant, American Surety Company, on the record as it now exists, we cannot hold that the suit against it was improperly brought in Hillsborough County, Florida. See Section 648.07, Fla. Stats. 1941 (FSA); Linger v. Balfour, 102 Fla. 591, 136 So. 443; Patten v. Mokher, 134 Fla. 433, 184 So. 29.

The order or decree appealed from is reversed with directions to the lower court to enter an order overruling the motion to dismiss as interposed by the defendants, and for further proceedings therein not inconsistent with this opinion.

It is so ordered.

BUFORD, C. J., TERRELL and ADAMS, JJ., concur.