RAWLS, Chief Judge.
Defendant below, John O’Brien, as Administrator of the estate of Edgar Lewis, deceased, by this interlocutory appeal questions the venue of this negligence action brought by Mitchell.
Plaintiff Mitchell filed in the Escambia County Court of Record a complaint seeking damages for injuries sustained in an automobile collision in Plolmes County and alleging that the accident occurred as a result of the negligence of Edgar N. Lewis, deceased, a resident of Gadsden County. Administrator O’Brien, a resident of Escam-bia County, moved to dismiss the complaint on the ground of improper venue, it being his contention that venue lay either in (1) Holmes County where the cause of action accrued, or (2) in Gadsden County, decedent’s place of residence and the county of administration of decedent’s estate. Plaintiff resisted the motion upon the ground that suit was brought against defendant O’Brien in the county where he resides, that being Escambia County.
 A suit in tort arising out of an automobile accident is transitory in nature. The established rule of common law is that venue of a transitory action may be laid in any county where the court can acquire jurisdiction of the person of the defendant. 34 Fla.Jur., Venue § 4. It is well settled that except as its power may be limited by express constitutional provisions fixing or regulating venue, a legislature may at its discretion fix the venue or place of trial of civil actions as long as it does not transgress fundamental guaranties of equal protection of laws and does not arbitrarily and unreasonably discriminate against particular persons. City of St. Petersburg v. Earle, 109 So.2d 388 (Fla.App.2d, 1959).
The legislature has provided in Section 46.01, Florida Statutes, F.S.A., that suits shall be brought in the county where the defendant resides, or where the cause of action accrued, or where the property in litigation is located. It is not disputed that defendant O’Brien resides in Escambia County, Florida, where suit was instituted.
Appellant argues that the venue statute in prescribing the place where the defendant resides means in the instant case the county of administration rather than where the administrator lives. He reasons that some states hold that an administrator is deemed a resident of the county of his appointment, and that such a construction is supported in Florida when the venue statute is read in pari materia with the survival statute [Section 45.11] and the probate provision concerning resident agents [Section 732.45(2)]. The survival statute simply authorizes the defending of any action in the name of the personal representative. We find nothing in this language that negates the provisions of the venue statute. We reach the same conclusion as to the resident agent statute, which has as its primary purpose to assure claimants of the availability of some local person for accomplishing service of process against the estate. The provisions of Section 46.01 are plain and explicit. Had the legislature desired to make an exception as to personal representatives of estates, it could have done so as it had done in other instances. The privilege of electing venue is vested in the plaintiff, and although some other county may be more convenient to the defendant, if *191 the election is one that the plaintiff has properly exercised under the statute, then the election still remains his and not one which can be dictated by defendant. Greyhound Corporation v. Rosart, 124 So.2d 708 (Fla.App.3d, 1960). We find that the election by plaintiff of venue in the case sub judice has been properly exercised.
Interlocutory appeal dismissed.
RAWLS, C. J., and JOHNSON and SACK, JJ., concur.