## WASSERMAN v. ESTATE OF WASSERMAN, et al.

### No. 77-20136.

Circuit Court, Broward County.

September 18, 1978.

Henry G. Carratt of Morgan, Carratt & O'Connor, Fort Lauderdale, for the plaintiff.

Daniel L. Ginsberg of Ginsberg & Goldman, North Miami Beach, for the defendant Theodore R. Wasserman, personal representative of the Estate of Herman P. Wasserman, deceased.

Larry E. Klayman of Blackwell, Walker, Gray, Powers, Flick & Hoehl, Miami, for the defendant Josephthal & Co.

STEPHEN R. BOOHER, Circuit Judge.

This cause came on for consideration on the motion to dismiss filed on behalf of Theodore R. Wasserman, as personal representative of the Estate of Herman P. Wasserman, deceased, and the motion to dismiss or in the alternative motion to transfer, filed on behalf of Josephthal & Co., a New York corporation authorized to do business in the state of Florida; and the court having considered the same, together with the affidavits filed for plaintiff and each defendant, the allegations of the complaint and such motions, and the memoranda of authorities and arguments of counsel, and being otherwise duly advised, finds as follows —

The central issue raised by both motions is one of venue. The plaintiff alleges a conversion by defendant Wasserman's decedent of certain securities jointly owned by the plaintiff and the decedent, who appear to have been husband and wife at the time of the conversion. She also alleges that the decedent forged her signature to such securities and sold them through defendant Josephthal & Co., which guaranteed the forged signature. In support of venue in Broward County, plaintiff filed an affidavit saying that decedent was a resident of Broward County at the time of his death and that the conversions occurred from a safe deposit box located in Broward County.

The defendants by their motions and supporting affidavits say that decedent was a resident of Dade County at the time of his death and that his estate is being probated in Dade County. They state that neither defendant resides in Broward County, that none of the matters complained of occurred in Broward County, and that all witnesses to the stock transfers are residents of New York. Both defendants pray that the complaint be dismissed for improper venue, and defendant Josephthal & Co. also prays in the alternative that the action be transferred to the 11th Judicial Circuit pursuant to Rule 1.060(b), of the Florida Rules of Civil Procedure, or pursuant to Section 47.122, Florida Statutes, for the convenience of the parties and witnesses.

Where the cause of action is personal and transitory in nature, the venue statutes are for the protection of the defendant, and he has the privilege of being sued either in his county of residence or in the county where the cause of action accrued. *Gaboury v. Flagler Hospital, Inc.,* 316 So.2d 642, 644 (Fla. 4th DCA 1975). In this case it seems clear from the pleadings and affidavits that the cause of action accrued either in Broward County or in New York. The defendants do not claim that it accrued in Dade County. Accordingly, a change of venue cannot be justified on that ground.

This leaves the question of the county of residence. Both defendants rely on the decedent's alleged residence in Dade County at the time of his death, but this is disputed by the plaintiff. However, the decedent is not the defendant, so his residence is not controlling. Nor is the place of the administration of decedent's estate significant, but rather the county of residence of the personal representative. *O'Brien v. Mitchell*, 190 So.2d 189 (Fla. 1st DCA 1966). Compare: *In re Paine's Estate*, 128 Fla. 151, 174 So. 430, 435 (1937); *Krivitsky v. Nye*, 155 Fla. 45, 19 So.2d 563, 569 (1944); *Patten v. Mokher*, 134 Fla. 433, 184 So. 29 (1938).

The affidavit of the secretary-treasurer of defendant Josephthal & Co. states that the defendant maintains its principal place of business in New York City and that it does not and did not maintain an office or agent in Broward County. The affidavit is silent as to any nexus with Dade County. Plaintiff's counsel represents that decedent's personal representative is a resident of New York, but the pleadings and affidavits are likewise silent as to his residence. The court cannot assume that he is a resident of Dade County. The defendants have the burden of negativing the plaintiff's initial selection of venue, and they have failed to do so. *Velez v. Mell D. Leonard Associates, Inc.* 338 So.2d 896, 897 (Fla. 2d DCA 1976). A defendant must plead and prove improper venue with such certainty as to exclude the idea that venue is proper where the suit has been filed. *Stolley & Associates, Inc. Lawrence*, 243 So.2d 446, 447 (Fla. 4th DCA 1971).

Finally, a change of venue cannot be justified for the convenience of the parties and witnesses, pursuant to Section 47.122, Florida Statutes. Defendants' affidavits make it clear that all the transactions with respect to the securities occurred either in Broward County or in New York City. It would not appear therefore, that any of the witnesses reside in Dade County or would be convenienced by a transfer of this cause there. The individual parties appear to reside in Broward County and New York, and the corporate party has its office in New York. There is no showing, therefore, that a transfer would be more convenient for the parties. The requirements of the statute, accordingly have not been met. The only convenience that might exist is that counsel for the two defendants are located in Dade County. But the privilege of electing venue is vested in the plaintiff, and if the election is one that the plaintiff has properly exercised under the statute, then the election still remains hers, and it is not one that can be dictated by the defendants. *O'Brien v. Mitchell*, supra, 190 So.2d at 190-191.

Defendant Wasserman's motion to dismiss also asserts the general ground that no cause of action is stated against him as personal representative. This is legally insufficient for failure to state the

grounds upon which it is based and the substantial matters of law intended to be argued specifically and with particularity, and it must be denied for that reason. Rule 1.140(b), Florida Rules of Civil Procedure. The court also notes that no grounds were argued at the hearing on this branch of the motion.

Defendant Wasserman also asserts that the claim is barred by the statute of limitations, Section 733.705, Florida Statutes, but he does not specify what subsection thereof he relies upon, and no violation of the provisions of such statute clearly appear from the face of the complaint and the attachments thereto. He also asserts that the claim is barred by the Statute of Frauds, again without stating the specific provision on which he relies, and no such violation is apparent from the pleadings. Again it is noted that these grounds were not argued or explained at the hearing. The motion on these grounds, consequently, must also be denied.

Based on the foregoing, it is ordered and adjudged that defendant Wasserman's motion to dismiss and defendant Josephthal & Co.'s motion to dismiss or in the alternative motion to transfer be and the same are each hereby denied, and said defendants shall file their answers to the complaint within fifteen days from the date hereof.