728 So.2d 369 (1999)
Schenita GREEN, Appellant,
v.
BURGER KING CORPORATION, Appellee.
No. 98-1372.
District Court of Appeal of Florida, Third District.
March 24, 1999.
*370 Michael R. Seward, Kay Largo, for appellant.
Shutts & Bowen and Sheila M. Cesarano and Rene J. Gonzalez-Llorens, Miami, for appellee.
Before JORGENSON, GODERICH, and SORONDO, JJ.
JORGENSON, Judge.
Schenita Green appeals a final order dismissing her complaint against her former employer, Burger King Corporation. The complaint was dismissed with prejudice as being barred by the statute of limitations. For the following reasons, we reverse.
Burger King fired Green following an investigation concluding that Green had violated company security policy. Eleven months after her termination, Green retained counsel and filed a civil rights complaint with the Florida Commission on Human Relations ("FCHR"). Green alleged that her former employer fired her because she was HIV positive and merely used the security violation as a pretext. Shortly thereafter, the FCHR referred the complaint to the Equal Employment Opportunity Commission ("EEOC").[1] Green's complaint, however, was only signed by her attorney and was unverified in contravention of section 760.11(1), Florida Statutes (1995). The EEOC then supplied Green with a form entitled "Charge of Discrimination" which she completed, verified, and filed slightly over a month after her original complaint. When Green filed this second complaint, nearly thirteen months had passed since her termination by Burger King. The EEOC ultimately dismissed Green's second complaint because it was not filed within one year of the alleged violation pursuant to section 760.11(1). Following the EEOC's determination, Green filed a complaint in the Miami-Dade County Circuit Court. Burger King responded by filing a motion to dismiss arguing that the action was time barred since the Charge of Discrimination was not filed within the one year limitation period and did not relate back to Green's original, unverified, complaint. The trial court agreed and dismissed Green's complaint with prejudice.
Burger King argues here, as it did below, that Green's first "complaint" was not a complaint at all since it did not meet all of the statutory requirements, i.e., verification. Further, Burger King argues, this strict construction of the Florida Civil Rights Act is necessary because protection from employment discrimination is a right legislatively created and stands in derogation of the common law rule that employers may hire and fire at will. Assuming all this as true, then it follows that Green's first filing would have been insufficient to invoke the subject matter jurisdiction of the trial court. See Levine v. Dade County Sch. Bd., 442 So.2d 210 (Fla. 1983) (holding, in an action against a subdivision of the state, the failure to provide timely notice to the Department of Insurance as required by statute compels dismissal with prejudice since notice is a condition precedent to the right to maintain the action); Krivitsky v. Nye, 155 Fla. 45, 19 So.2d 563, 568 (1944) ("The jurisdiction and power of a court remains at rest until called into action by a suitor. This action is called into exercise by a pleading and process prescribed or recognized by law."). Consequently, the rule of relation back would be inapplicable since there was never, under these circumstances, an initial timely complaint.
It appears that the question of the applicability of relation back to an unverified complaint filed under the Florida Civil Rights Act is one of first impression in this State. Though Florida courts have not addressed this narrow issue under the Florida Civil Rights Act, the federal courts have done so as it applies to Title VII. It is well settled that when Florida statutes are adopted from an act of Congress, the Florida Legislature also adopts the construction placed on that statute by the federal courts insofar as that construction is not inharmonious with the spirit and policy of Florida's general legislation of the subject. See Kidd *371 v. Jacksonville, 97 Fla. 297, 120 So. 556 (1929); City of Orlando v. Florida Public Employees Relations Comm'n, 435 So.2d 275 (Fla. 5th DCA 1983); Dorr-Oliver, Inc. v. Linder Indus. Mach. Co., 263 So.2d 237 (Fla. 3d DCA 1972); Delta Rent-A-Car, Inc. v. Rihl, 218 So.2d 467 (Fla. 4th DCA 1969); McKean v. Kloeppel Hotels, Inc., 171 So.2d 552 (Fla. 1st DCA 1965); Jasson D. Radding, Inc. v. Coulter, 138 So.2d 380 (Fla. 2d DCA 1962). See also Florida State Univ. v. Sondel, 685 So.2d 923, 925 n. 1 (Fla. 1st DCA 1996) ("The Florida Civil Rights Act of 1992... was patterned after Title VII of the Civil Rights Acts of 1964 and ... the Age Discrimination in Employment Act (citations omitted). Federal case law interpreting Title VII and the ADEA is applicable to cases arising under the Florida Act."); Laborers' Int'l Union of N. Am., Local 478 v. Burroughs, 522 So.2d 852 (Fla. 3d DCA 1987) (applying federal case law interpreting the definition of an "employer" under Title VII to an action filed under a Dade County ordinance patterned after the federal statute), rev'd on other grounds upon reh'g. In addition to tracking much of the language of Title VII, the stated purpose of the Florida Act is also in line with its federal counterpart. Compare H.R.Rep. No. 914, at _ (1964), reprinted in 1964 U.S.C.C.A.N. 2391, _, with § 760.01, Fla. Stat. (1995). Accordingly, we turn to the federal courts for guidance.
One of the regulations issued by the EEOC implementing Title VII provides:
A charge may be amended to cure technical defects or omissions, including failure to verify the charge, or to clarify and amplify allegations made therein. Such amendments and amendments alleging additional acts which constitute unlawful employment practices related to or growing out of the subject matter of the original charge will relate back to the date the charge was first received.
29 C.F.R. § 1601.12(b) (1998). This regulation, however, has been attacked on the grounds that its curative nature is contrary to the statute and, thus, beyond the scope of the EEOC's power to promulgate. Nevertheless, every federal Circuit Court of Appeals that has had the occasion to consider this issue has upheld the regulation, concluding that an unverified charge is timely filed if it is subsequently amended by a charge executed under oath or affirmation. See Peterson v. City of Wichita, Kan., 888 F.2d 1307, 1308 (10th Cir.1989); Casavantes v. California State Univ., 732 F.2d 1441, 1443 (9th Cir.1984); EEOC v. Sears, Roebuck & Co., 650 F.2d 14, 18 (2d Cir.1981); Russell v. American Tobacco Co., 528 F.2d 357, 364 (4th Cir.1975); Blue Bell Boots, Inc. v. EEOC, 418 F.2d 355, 357 (6th Cir.1969); Weeks v. Southern Bell Tel. & Tel. Co., 408 F.2d 228, 230-31 (5th Cir.1969); Choate v. Caterpillar Tractor Co., 402 F.2d 357, 359-60 (7th Cir.1968). The common reasoning among these decisions is that "Title VII is remedial legislation to be construed liberally rather than technically." Peterson, 888 F.2d at 1309 (citing Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 397, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982); Casavantes, 732 F.2d at 1442-43; Blue Bell Boots, 418 F.2d at 357; Choate, 402 F.2d at 360); 29 C.F.R. § 1601.34 (1998) ("These rules and regulations shall be liberally construed to effectuate the purpose and provisions of Title VII and the ADA.") (citations omitted).
Similarly, the Florida Civil Rights Act expressly provides that the Act "shall be liberally construed to further the general purposes stated in this section and the special purposes of the particular provision involved." § 760.01(3), Fla. Stat. (1995). The requirement that the complaint filed with the FCHR be verified relates to the administrative procedures of that commission. As reasoned by the federal courts, the statutory authority of the EEOC, the same as the FCHR, is limited to investigating claims and pursuing resolution through informal methods such as conference, conciliation, and persuasion. See e.g. Choate, 402 F.2d at 359. In other words, the EEOC, like the FCHR, has "no enforcement powers through the adjudicatory process.... Enforcement of the rights of aggrieved parties resides exclusively in the ... courts." Id. Consequently, it would result in a miscarriage of justice to permit the employee's preadjudicative procedural defect, which has failed to inflict any significant injury on the employer, to outweigh the substantive fundamental rights of *372 the employee. Consistent with this view, the United States Supreme Court stated:
By holding compliance with the filing period to be not a jurisdictional prerequisite to filing a Title VII suit, but a requirement subject to waiver as well as tolling when equity so requires, we honor the remedial purpose of the legislation as a whole without negating the particular purpose of the filing requirement, to give prompt notice to the employer.
Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982).
In sum, to agree with Burger King's argument would be to rule contrary to the Supreme Court's holding in Zipes; ignore each federal appellate circuit court case relating to this very issue under Title VII; and cut against the remedial grain of the Florida Civil Rights Act.
Reversed and remanded for further proceedings consistent with this opinion.
NOTES
[1] Current federal and state regulations provide for the two agencies to share work in investigating civil rights claims arising under Florida's jurisdiction. See 29 C.F.R. § 1601.13(a)(3) (1998); Fla. Admin. Code R. 60Y-5.002.