D. R. McBRIDE v. EDWARD D. McBRIDE, *Non Compos Mentis,* by FRANK T. HINES and GEO. W. BURKE, as Next Friends.

195 So. 602

En Banc

Opinion Filed April 26, 1940

*J. M. & H. P. Sapp,* for Appellant;

*Geo. W. Burke, Edward E. Odom* and *D. B. White,* for Appellee.

PER CURIAM.—The appeal brings for review order of the circuit court reversing an order of the county judge sitting as a judge of probate which is as follows:

"This is a cause on appeal from the county judge's court wherein the appellant was plaintiff, and appellee, defendant in the lower court.

"The transcript of record shows that the appeal is from an order made by the lower court on the 28th day of July, 1937.

"On the 8th day of August, 1936, appellant, as plaintiff below, filed his petition in the lower court and thereafter, an amended petition, referred to the transcript of record as petition and amended petition. To this petition and amended petition, appellee, as defendant below, on the 5th day of October, 1936, filed his demurrer and motion to dismiss. Thereafter, on the 4th day of February, 1937, the lower court made and entered an order overruling the demurrer

and denying the motion to dismiss. Thereupon, upon the first day of March, 1937, the appellee filed his answer to the original and amended petition of appellant.

"The petition and amended petition aforesaid of appellant prayed for an order of the court requiring appellee to be and appear in the lower court and show cause why he should not (be) discharged as guardian of the estate of appellant.

"The substantial ground for the removal of appellee as guardian of the estate of appellant as set forth in said petition and amended petition is neglect and failure of performance of his duty as such guardian.

"The transcript of record before this court shows that a hearing was had before the lower court upon the petition and amended petition of appellant, and the answer of appellee, upon the 28th day of July, 1937. On that date the court entered its order denying and dismissing said petition.

"It is from this order that this appeal is taken. Appellant here contends that the lower court erred in making and entering this order.

"The inquiry here before this court is to determine whether the lower court erred, and if so, where or in what ruling.

The substance of the contention in this appeal was heretofore upon the 16th day of June, 1936, before this court in another appeal from an order made by the Judge of the lower court on the 14th day of November, 1934. Appellant had filed his petition and exceptions to several annual accountings filed in the probate court by appellee, praying that said guardian be required to reimburse the estate of appellant in a large sum of money alleged to have been lost in the failure of the First National Bank of Panama City, on the second day of February, 1931.

"In the opinion and mandate of the Court made in said

former appeal upon the said 16th day of June, 1936, the Court virtually settled the ground upon which this appeal is taken, that is to say, the misbehavior of appellee in neglecting to perform his duty in the management of the estate of appellant.

"In the opinion and order of this court made and filed on the 16th day of June, 1936, in said former appeal, the court reversed the order of the Lower Court aforesaid made on the 14th day of November, 1934, and remanded said cause with instructions to the county judge to make and enter an order not inconsistent with said opinion and order. In the body of that opinion reversing said cause, the court said:

" 'It plainly appears here that the guardian was neglectful of his duty in maintaining a large balance in the bank for a long period of time and in his failure to properly invest the same. The ward should have interest from the date of the closing of the bank. The principal lost in the bank, plus interest, should be surcharged against the guardian, who is the appellee here.'

"The court will take judicial knowledge of its opinion and order in said former appeal.

"It is clear that the ruling of the court in said opinion that the guardian should be surcharged with the amount lost on account of the failure of said bank was based upon the neglect and failure of said guardian to properly invest the funds of his ward.

"The appellant here has filed several assignments of error and it appears to the court that all of said assignments might be construed together under one general head to the effect that the lower court erred in not sustaining the petition of appellant for the removal of appellee as guardian upon the ground that he was guilty of neglect and misbehavior in the management of appellant's estate.

"Viewed in this manner, we think the assignment of error is well taken.

"The law looks upon guardians as trustees in the fullest sense of the word. 28 C. J. 1064, Section 20, and 28 C. J. 1123, Section 204. A guardian is held to the strictest accountability for the funds of his ward. 28 C. J. 1145, Section 244; Firmin v. Sanborn, 119 Fla. 396, 161 So. 555.

"In respect to the right of the guardian to deposit the funds of his ward in a bank, we find the law as follows:

"'A guardian who has on hand funds of his ward, awaiting investment, may deposit the same temporarily in a bank of good reputation, and if, in so doing, he acted in good faith and with ordinary prudence and diligence, he is not responsible for loss resulting from subsequent insolvency of the bank.'

"'The length of time that a fund may be prudently left on deposit in a bank depends upon the condition and reputation of the bank and the duty of the trustee or guardian as to investing the fund. It has been held that, if a guardian merely deposits money in the bank and leaves it there in violation of his duty to invest, he is liable for a loss resulting from the failure of the bank.' 28 C. J. 1145, Section 244.

"In respect to the deposit and failure to invest the funds of the ward, the transcript of record discloses in this case that the guardian left the funds of his ward in a bank for years, the bank being one in which he was a stockholder and director. If he did not know the financial condition of said bank, it was his duty to know and he was in a position to know.

"What does the law require of a guardian in respect to the management of the estate of his ward?:

"Section 5893 C. G. L. provides: 'Guardian shall, under the direction of the court, put out the money of the infant at interest upon such mortgage security, or United States bonds or State bonds of any State, as the court shall direct.'

"Section 6079 C. G. L., as amended by Chapter 13576, Acts of 1929, Section 8, provides: 'Executors, administrators, trustees, guardians of life insurance companies having or controlling life insurance funds, may deposit the funds held by them with such company upon receiving sufficient security.'

"The record here discloses that the funds in the hand of the guardian for management were funds coming to said guardian from the United States Veterans' Bureau, and in regard to the management of such funds by a guardian, we have a statute directly pointing out the duties of a guardian in respect to such funds.

"Chapter 14579, Acts of 1929, known as 'Uniform Veterans' Guardianship Act,' Section 12 thereof, provides: 'Every guardian shall invest the funds of the estate in such manner or in such securities, in which the guardian has no interest, as allowed by law or approved by the court.'

"In Firmin v. Sanborn, *supra*, this Section is construed in the words following: 'Chapter 14579, *supra*, mandatorily requires the guardian to invest the funds of the estate in such manner, or in such securities, in which the guardian had no interest, as allowed by law or approved by the court. The purpose of that requirement was to at once protect the ward from the consequences of bank failures and the guardian against improvident investments.'

"The record here shows that the guardian kept the funds of his ward on deposit in the First National Bank of Panama City for years, and that said funds were never

invested, nor any security taken therefor as required by law.

"Again, Sections 9 and 10, Chapter 14579, Acts of 1929, provide the duties of a guardian in respect to any moneys received by him from the United States Veterans' Bureau. The guardian is required under the provisions of this law, to file a full, true and accurate account under oath of all moneys so received by him of all dusbursements thereof, and showing the balance thereof in his hands at the date of such account and how invested.

"Section 10 provides: 'If any guardian shall fail to file any account of the moneys received by him from the Bureau on account of his ward within thirty days after such account is required by either the court or the Bureau, or his failure to furnish the Bureau a copy of his accounts as required by this Act, such failure shall be grounds for removal.'

"In respect to this provision of law, in Firmin v. Sanborn, *supra,* our Supreme Court says: 'The Act requires guardians of such persons to send certified copies of their annual accountings to the office of the United States Veterans' Bureau having jurisdiction over the area in which the court to whom the accounts are rendered is located.'

" 'The record does not disclose that the mandate of the statute was obeyed and the brief of counsel for appellant expressly states that the statute in this regard was not observed.'

"The petition of appellant in the lower court, as disclosed by the transcript of record, alleges that this requirement of the law was not complied with, and it is not denied by the answer of appellee.

"We take it that the Supreme Court construed this

provision to be mandatory upon any guardian receiving funds for his ward from the United States Veterans' Bureau.

"In this view of the law, we think the guardian was guilty of neglect, misbehavior and failure in the performance of his duties in the management of his ward's estate.

"We think the Assignments of Error are well taken and that the lower court should have sustained the petition aforesaid of appellant, and entered his order removing appellee as guardian of the estate of appellant, as prayed for in said petition.

"It is, therefore, ordered that the order of the lower court be, and the same is hereby, reversed and the cause remanded with instructions to the judge of the lower court that he do make an order revoking, vacating and setting aside his former order made in said cause upon the 28th day of July, A. D. 1937, and that he do make and enter his order sustaining the petition and amended petition of appellant filed in said cause upon the 8th day of August, 1936, and that he do make and enter his further order removing appellee herein, D. R. McBride, as guardian of the estate of appellant, and it is further ordered that the costs of this appeal be taxed against the said appellee herein."

We apprehend no useful purpose can be served by discussing the order complained of. It appears to evidence its own correctness.

We find no reversible error and, therefore, the order should be affirmed.

It is so ordered.

Affirmed.

TERRELL, C. J., WHITFIELD, BUFORD and CHAPMAN, J. J., concur.

Thomas, J., agrees to conclusion.

Justice Brown not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.