2SHORTESS, Judge.
The Commission on Ethics for Public Employees (Commission) found John Burton Marceaux violated Sections 1111(C)(2)(d) and 1112(B)(3) of the Louisiana Code of Governmental Ethics by serving on the Board of Commissioners for the Hospital Service District No. 1 in Terrebonne Parish (Hospital Board) while receiving a salary from his employment with Bayou Oaks Psychiatric Hospital. The Commission imposed no fine but ordered Marceaux to notify it within thirty days whether he would resolve the conflict by resigning from the Hospital Board or discontinuing employment with Bayou Oaks. Mar-ceaux appeals. He and the Commission stipulated to the following facts.
Marceaux has been a compensated employee of Bayou Oaks since 1987. Ramsey Health Care Corporation owns and operates Bayou Oaks. Marceaux is not a shareholder, director, or officer of Ramsey, any of its subsidiaries, or any other companies controlled by Ramsey.
Marceaux is also a member of the Hospital Board. He has served in this uncompensated position since 1983. The Hospital Board operates Terrebonne General Medical Center, a public, nonprofit hospital.
In 1985, two years before Marceaux began working for Bayou Oaks, Ramsey and Terre-bonne General entered into a twenty-year building lease. The lease provided that Ter-rebonne General supply clinical services to Bayou Oaks, including laboratory, pharmacy, CT scan, radiology, respiratory therapy, x-ray, gastrointestinal laboratory, and all such similar clinical patient services. In January 1995 Terrebonne General subleased a portion of another building to Ramsey with the agreement that Terrebonne General and Ramsey would each be responsible for one-half of the rent owed to the private owners of the building. Terrebonne General’s administration was authorized by the Hospital Board to handle all the negotiations regarding the sublease. The lease was not presented to the Hospital Board for approval. Other than these two leases, there are no contractual, financial, or other ties between the Hospital Board and Ramsey.
In addition to the stipulated facts, Mar-ceaux testified on his own behalf. He stated that he has no managerial or supervisory authority at Bayou Oaks, that nojgone from Bayou Oaks has ever asked him to use his position with the Hospital Board for its benefit, and that no one from the Hospital Board has ever asked him to use his influence in dealing with Ramsey.
Louisiana Revised Statute 42:llll(C)(2)(d) provides:
No public servant ... shall receive any thing of economic value for or in consideration of services rendered, or to be rendered, to or for any person during his public service unless such services are:
[[Image here]]
(d) Neither performed for nor compensated by any person from whom such public servant would be prohibited by R.S. 42: 1115(A)(1) or (B) from receiving a gift.
Revised Statutes 42:1115(A)(1) and (B) provide:
(A) No public servant shall solicit or accept, directly or indirectly, any thing of economic value as a gift or gratuity from any person or from any officer, director, agent, or employee of such person, if such public servant knows or reasonably should know that such person:
(1) Has or is seeking to obtain contractual or other business or financial relationships with the public servant’s agency....
(B) No public employee shall solicit or accept, directly or indirectly, any thing of economic value as a gift or gratuity from any person or fi*om any officer, director, agent, or employee of such person, if such public employee knows or reasonably should know that such person:
*673 (1) Conducts operations or activities which are regulated by the public employee’s agency.
(2) Has substantial economic interest which may be substantially affected by the performance or nonperformance of the public employee’s official duty.
In other words, Section 1111(C)(2)(d) prohibits public servants from receiving anything of economic value, including a salary, from any person who has a contractual relationship with the public servant’s agency or who conducts operations or activities which are regulated by the public servant’s agency. See In re Beychok, 495 So.2d 1278, 1281 (La.1986). Thus, under the language of the statute, Marceaux was prohibited from accepting a salary from Ramsey while serving on the Hospital Board because Ramsey contracted with Terrebonne General, which was operated by the Hospital Board.
4Revised Statute 1112(B)(3) provides:
No public servant, except as provided in R.S. 42:1120, shall participate in a transaction involving the governmental entity in which, to his actual knowledge, any of the following persons has a substantial economic interest:
[[Image here]]
(3) Any person of which he is an ... employee.
“Participate” is defined by Revised Statute. 42:1102(15):
“Participate” means to take part in or to have or share responsibility for action of a governmental entity or a proceeding, personally, as a public servant of the governmental entity, through approval, disapproval, decision, recommendation, the rendering of advice, investigation, or the failure to act or perform a duty.
Simply put, a public servant cannot participate in a transaction when he has actual knowledge his employer has a substantial economic interest in that transaction. Thus, this statute prohibited Marceaux from participating in the Hospital Board’s approval of the sublease, even though the actual negotiations were handled by the administration of Terrebonne General.
Marceaux argues that despite the literal language of the statutes, they should not be applied to him because he has no actual conflict of interest and no “substantial economic interest” in the leases. The declaration of policy in the code of governmental ethics states it is “essential to the proper operation of democratic government that ... there be public confidence in the integrity of government.” La. R.S. 42:1101(B). The code is designed to prevent not only actual conflicts of interest but also situations that create perceptions of conflict of interest. Beychok, 495 So.2d at 1281. While it appears Marceaux is guilty of no wrongdoing, the one important objective of the code is to prevent potential conflicts of interest. In re Schneckenburger, 518 So.2d 497, 500 (La.1988). His service on a public board that controls a business with which his employer contracts creates a public perception of a conflict of interest, which is what the code is designed to prevent.
Marceaux also contends the charge concerning the twenty-year lease has prescribed. He filed an exception of prescription with this court. Revised Statute 42:1163 sets a prescriptive period of two years from the discovery of the alleged violation or four years after the occurrence, whichever is shorter. He had been|5receiving salary from Bayou Oaks while simultaneously serving on the Hospital Board since 1987. The charges against Marceaux were filed October 2,1995. He contends the violation of Revised Statute 42:llll(C)(2)(d) prescribed in 1991, at the latest. However, each payment of salary to Marceaux represents another violation of the law. He continued to receive his salary even after charges were filed. We find this was a continuing violation of the ethical statute; prescription had not begun to run at the time the charges were filed. We thus overrule the exception of prescription.
Marceaux also contends the charge regarding the sublease is moot because the sublease expired by its own terms on January 31, 1996. Marceaux was charged with participating, through delegation, in the transaction involving the sublease. A violation occurred when the sublease was negoti *674 ated and executed; the termination of the lease does not alter that fact.
For the foregoing reasons, the exception of prescription is overruled, and the judgment is affirmed at Marceaux’s cost.
EXCEPTION OVERRULED; AFFIRMED.