| iLEMMON, Justice.*
In this proceeding, Ignacio C. Villanueva, a public employee with permanent status in the classified state civil service, is seeking review of a penalty imposed by the Commission on Ethics for Public Employees (Ethics Commission). The principal issue is whether the Civil Service Commission, rather than the court of appeal alone, has jurisdiction to review a fine and conditional suspension of a permanent civil service employee imposed by the Ethics Commission.
J2I
While Villanueva was the Superintendent of Police for the East Jefferson Levee District, the District granted a permit to operate a landfill and subsequent extensions of that permit to Dauvill, Inc., a corporation owned by Villanueva’s wife. Villanueva also worked as the general manager of Dauvill’s operations.
The Ethics Commission investigated whether this conduct violated the Code of Governmental Ethics, La.Rev.Stat. 42:1101-1169. After a public hearing, the Ethics Commission determined that Villanueva had violated Section 1112B of the Code by participating in and sharing responsibility for transactions affecting the economic interest of his wife’s company.[1] Additionally, the Ethics Commission ruled that Dauvill had violated Section 1113 of the Code by applying for and receiving permit extensions from the District while its owner was the wife of the District’s police superintendent.
The Ethics Commission fined Dauvill and Villanueva $5,000 each for their respective violations. Additionally, the Ethics Commission ordered the District to suspend Villa-nueva until (1) Dauvill’s permit was cancelled or (2) Villanueva and all of his immediate family members divested themselves of all ownership interest in Dauvill and Villanueva was no longer employed by Dauvill.
Dauvill appealed the Ethics Commission’s ruling to the court of appeal,[2] while Villa-nueva sought review of the ruling by the Civil Service Commission.[3] The Civil Service Commission declined to review the penalty, citing lack of jurisdiction over the subject matter. The Commission concluded it had no jurisdiction because Villanueva had not been subjected to any action that affected Jjjhis employment status, nor had he been subjected to any disciplinary action enumerated in Civil Service Rule 12.2(b), which provides an exclusive list of disciplinary actions that may be imposed for cause upon a permanent employee.[4] Noting that all of the penalties listed in Rule 12.2(b) constitute actions which adversely affect the employment relationship, the Commission characterized the effects of the Ethics Commission’s ruling as requiring Villanueva to surrender a permit to avoid being suspended and to pay a fine, neither of which affected his employment status.
Villanueva then appealed to the court of appeal. The appellate court remanded the matter back to the Civil Service Commission. 676 So.2d 1202. The court first concluded that any action taken by the Ethics Commission against a classified permanent employee, with the possible exception of a fine alone, is subject to review by the Civil Service Commission before an appeal may be taken to the *156 court of appeal. Next, the court held that when the Ethics Commission imposes a fine against a permanent classified employee and couples the fine with a disciplinary action which affects employment status and is an authorized disciplinary action under Civil Service Rule 12.2(b), the imposition of the fine is a disciplinary action initially reviewable by the Civil Service Commission, although the fine is not a penalty included under Civil Service Rule 12.2(b). Otherwise, the ^employee would be required to appeal the fine to the court of appeal and the other part of the penalty to the Civil Service Commission.
We granted certiorari to decide this important issue of the appropriate procedure for review of penalties imposed by the Ethics Commission on permanent classified employees. 679 So.2d 410.
II
Part I of Article X of the Louisiana Constitution provides for state and city civil service. La. Const, art. X, § 1 establishes civil service commissions for employees of the state and of cities with populations of over 400,000.[5] La. Const, art. X, § 7 requires that permanent appointments and promotions in the service be made under a system based on merit, efficiency, fitness and length of service. La. Const, art. X, § 8(A) empowers each commission to review a disciplinary action taken against a person who has gained permanent status in the service as follows:[6]
No person who has gained permanent status in the classified state or city service shall be subjected to disciplinary action except for cause expressed in witting. A classified employee subjected to such disciplinary action shall have the right of appeal to the appropriate commission pursuant to Section 12 of this Part. The burden of proof on appeal, as to the facts, shall be on the appointing authority.
La. Const, art. X, § 12 grants each commission “the exclusive power and authority to hear and decide all removal and disciplinary cases,” with the right of appeal to the court of appeal.
La. Const, art. X, § 10 further authorizes each commission to adopt rules for 15the administration and regulation of the classified service.[7] Pursuant to this authority, the State Civil Service Commission adopted Civil Service Rule 12.2(b), which contains an exclusive list of disciplinary actions that may be imposed by an appointing authority. See footnote 4.
Part III of Article X of the Louisiana' Constitution contains “other provisions” regarding public officials and employees. La. Const, art. X, § 21 requires the Legislature to enact a code of ethics for public officials and employees, as follows:
The legislature shall enact a code of ethics for all officials and employees of the state and its political subdivisions. The code shall be administered by one or more boards created by the legislature with qualifications, terms of office, duties and powers provided by law. Decisions of a board shall be appealable, and the legislature shall provide the method of appeal. (emphasis added).
Pursuant to this constitutional mandate, the Legislature enacted La.Rev.Stat. 42:1101-1169, the Code of Governmental Ethics. The Code authorizes the ethics body to investigate complaints about violations of the Code and to conduct hearings. La.Rev. *157 Stat. 42:1141. The ethics body, upon finding a violation of the Code by a public employee or other person, may “remove, suspend, or order a reduction in pay, or demotion of the public employee or other person, or impose a fine of not more than five thousand dollars, or both.” La.Rev.Stat. 42:1153B.
La.Rev.Stat. 42:1142A authorizes an appeal to the court of appeal from an “action” against a public servant or other person. However, La.Rev.Stat. 1642:1142C further provides:
Notwithstanding the provisions of this Section, a public employee who has attained permanent status in the classified state or city service, as provided in Article X, Section 1 of the Constitution of Louisiana, may, whenever any disciplinary action is taken against him by the board or panel or by an appointing authority by order of the board or panel, appeal therefrom to the appropriate civil service commission, if application to the board is made within thirty days after the decision of the board or panel becomes final, (emphasis added).
Ill
In the Louisiana Constitution adopted in 1974, Section 8A of Article X granted the right of review by the appropriate civil service commission in any disciplinary action taken against a permanent status employee. This provision undoubtedly contemplated a disciplinary action imposed by the appointing authority under the civil service commission’s administration and regulation of the classified service. The subsequent adoption of Civil Service Rule 12.2(b), under the State Civil Service Commission’s constitutional authority, provided an exclusive list of the disciplinary actions to which an employee could be subjected by the appointing authority.
In 1979, the Legislature, under its constitutional authority, adopted the Code of Governmental Ethics. In Section 1142, the Legislature provided for review of penalties imposed by the Ethics Commission. Section 1142A provided for an appeal to the court of appeal from any “action” taken by an ethics body or by an agency head under order of the Ethics Commission. Section 1142C additionally provided, notwithstanding the other provisions of Section 1142, for an appeal to the appropriate civil service commission from any “disciplinary action” taken by the Ethics Commission or by an appointing authority under an order of the Ethics Commission, with the subsequent right of appeal to the court of appeal.
After review of the constitution and statutes taken together, we conclude that |7the term “disciplinary action” in Section 1142C is not limited to the disciplinary actions that an appointing authority is authorized to impose under Civil Service Rule 12.2(b). Rather, the term “disciplinary action” in Section 1142C clearly refers also to the disciplinary actions that the Ethics Commission is authorized under Section 1153B to impose on permanent classified employees.
Therefore, in the case of a penalty imposed upon a permanent classified employee by an appointing authority, the penalties are limited by the constitutionally authorized Civil Service Rule 12.2(b), and La. Const, art. X, § 8(A) provides for review of the penalty by the appropriate civil service commission, with the right of appeal to the court of appeal. However, in the case of a penalty imposed upon a permanent classified employee by the Ethics Commission, the penalties are limited by the constitutionally authorized La.Rev.Stat. 42:1153B, and La.Rev.Stat. 42:1142C provides for review of the penalty by the civil service commission, with the right of appeal to the court of appeal.
In the present case, the Ethics Commission imposed a fine and a suspension (that was almost immediately lifted because the District penalized Villanueva’s wife’s corporation by revoking its license). Both disciplinary actions were authorized by Section 1153B, and Section 1142C authorized review of those disciplinary actions by the appropriate civil service commission, with the right of appeal to the court of appeal.
Accordingly, the judgment of the court of appeal is affirmed.

 Judge Graydon K. Kitchens, Jr., 26th Judicial District Court, and Judge Ian W. Claiborne, 18th Judicial District Court, have been assigned as Justices Ad Hoc in place of Justices Jack Crozier Watson and E. Joseph Bleich. Johnson, J., not on panel. Rule IV, Part 11, § 3.

. The District's police department allegedly was responsible for overseeing and inspecting Dau-vill's operations.

. The court of appeal in an unpublished opinion affirmed the ruling as to Dauvill.

. Civil Service Rules 12.1 and 12.2 provide:
12.1 Appointing Authority.
Every action authorized by this Chapter must be taken by an appointing authority.
12.2 Cause; Disciplinary Actions.
(a) A permanent employee may only be disciplined for cause.
(b) Disciplinary actions can only include: reassignments; suspensions without pay; reductions in pay; involuntary demotions and dismissals.

.The District cancelled Dauvill's permit before Villanueva filed his petition for review of the penalty.

. Section 15 also authorizes a procedure for the establishment of parish civil service systems.

. La. Const, art. X, § 8(B) also authorizes each commission to review alleged discrimination against classified employees based on political or religious beliefs, sex or race.

. La. Const, art. X, § 10(A)(1) provides:
Each commission is vested with broad and general rulemaking and subpoena powers for the administration and regulation of the classified service, including the power to adopt rules for regulating employment, promotion, demotion, suspension, reduction in pay, removal, certification, qualifications, political activities, employment conditions, compensation and disbursements to employees, and other personnel matters and transactions; to adopt a uniform pay and classification plan; to require an appointing authority to institute an employee training and safety' program; and generally to accomplish the objectives and purposes of the merit system of civil service as herein established. It may make recommendations with respect to employee training and safety.