FOIL, J.
This appeal challenges the Civil Service Commission’s determination that a public employee violated the Code of Governmental Ethics, which constituted legal cause for the imposition of a fine against the public employee by the Commission on Ethics for Public Employees. We affirm that determination but amend the fine imposed for the violation.
FACTUAL AND PROCEDURAL BACKGROUND
The factual findings of the Civil Service Commission are not in dispute, and can be summarized as follows: When this case was first initiated, Ignacio Villanueva was employed by the East Jefferson Levee District (Levee District) as the superintendent of the Levee District’s police department and was serving with permanent status. Mr. Villanueva had been employed by the Levee District since 1980; however, after the action giving rise to this appeal, he retired from his position.
*3 This litigation arose out of Mr. Villa-nueva’s association with a corporation, Dauvill, Inc., which was formed in 1985. Mr. Villanueva’s wife, Bonnie, owned interests in Dauvill ranging from 45% to 100%. At the time of the hearing before the Ethics Commission, Bonnie was the sole owner of Dauvill. Mr. Villanueva is Dau-vill’s general manager and its only compensated employee.
The record reflects that Dauvill leased a borrow pit from Louisiana Dry Dock Company in 1986, which was located on the batture of the Mississippi River, to operate a landfill. The Levee District, which is legally responsible for protecting the levee system under its jurisdiction, had issued a policy statement requiring persons and entities to obtain a permit from the Levee District’s Board of Levee Commissioners (Board) before engaging in activities on the land and water areas adjacent to the levee right of way (including the Mississippi River batture), which could potentially adversely affect the levee system or its maintenance.
In August of 1986, Dauvill requested and received an operating permit from the Board. Mr. Villanueva disclosed his wife’s interest in Dauvill to the RBoard. In January of 1991, Dauvill requested and received approval from the Board for an expansion of the permit.
On June 5, 1992, Mr. Villanueva, as the agent of Dauvill, entered into an amended lease agreement with Louisiana Dry Dock Company to expand the dimensions of the leased premises by increasing the size of the existing borrow pit. In December of 1992, Dauvill asked the Board to renew its permit and to approve another amendment for expansion of the permit. The Board informed Dauvill that it could not act on its renewal or expansion requests until permits from the Department of Environmental Quality had been obtained. Dauvill’s existing permit was indefinitely extended to cover Dauvill’s continuing operations.
It is undisputed that neither Mr. Villa-nueva nor the Levee District’s police department has any responsibilities with respect to the issuance of a permit to engage in activities in the area under the Levee District’s jurisdiction. However, the evidence established that the police department was responsible for patrolling the levee, providing security to the levee system and observing permitted facilities. Mr. Victor Landry, the executive director of the Levee District, attested that patrolling officers are required to report any suspected unauthorized work along the levee system to their chief, Mr. Villanueva. Mr. Villanueva admitted that his department had oversight duties over all permitted facilities within the Levee Board’s jurisdiction, including Dauvill. He attested that his officers routinely patrolled permitted facilities and that if a problem arose at a permitted facility, the officer reported it to him and he forwarded the matter to Mr. Landry.
The record further reflects that the Board’s president requested an advisory opinion from the Commission on Ethics for Public Employees regarding Mr. Villa-nueva’s involvement with Dauvill, and after the issuance of an advisory opinion by the Ethics Commission, the matter was turned over to that body for further action.
1¿Following the conclusion of a hearing, the Ethics Commission ruled that Mr. Villanueva violated La. R.S. 42:1112B(1) and (8). That provision of the Code of Governmental Ethics contains the following prohibition:
B. No public servant, except as provided in R.S. 42:1120, shall participate in a transaction involving the governmental entity in which, to his actual knowledge, any of the following persons has a substantial economic interest:
*4 (1) Any member of his immediate family-
[[Image here]]
(3) Any person of which he is an officer, director, trustee, partner, or employee. The term “transaction involving the governmental entity” is defined broadly in La.R.S. 42:1102(23)(a) to include “any proceeding, application, submission, request for a ruling or other determination, contract, claim, case, or other such particular matter” which the public servant knows or should know would be the subject of action by the governmental entity. The term “participate” is also broadly defined in La. R.S. 42:1102(15) to include taking part or sharing responsibility for the governmental entity’s action, personally, as a public servant of the governmental entity through approval, disapproval, decision, recommendation, the rendering of advice, investigation or the failure to act or perform a duty.
The Ethics Commission found that the evidence established that the Levee District’s police department had the responsibility to oversee and inspect activities being conducted by Dauvill and concluded that Mr. Villanueva violated the Ethics Code because of his participation as superintendent of the police department in transactions affecting the economic interest of Dauvill. The Ethics Commission ordered that Mr. Villanueva be suspended by the Levee District without pay and other benefits until he showed (1) the permit from the Levee District issued to Dau-vill had been cancelled, or (2) he and his immediate family members divested themselves of all ownership interests in Dauvill and he was no longer a compensated employee of Dauvill. Additionally, the Commission imposed a $5,000.00 fine on Mr. Villanueva. The Ethics | BCommission further found that Dauvill violated § 1113 of the Code of Ethics and imposed a $5,000.00 fine on Dauvill.[1]
Mr. Villanueva appealed the determination to the Civil Service Commission. See La. R.S. 42.T141C, authorizing a public employee with permanent status to appeal the decision of the Ethics Board whenever a disciplinary action has been taken against the employee by the Ethics Board. Preliminarily, a subject matter jurisdiction issue arose because Mr. Villanueva had met the conditions set forth by the Ethics Commission by surrendering Dauvill’s permit, so he was never actually suspended from his job. The Civil Service Commission refused to review the penalty, finding that it did not have jurisdiction because the imposition of a fíne was not a disciplinary action affecting Mr. Villanueva’s employment.
Mr. Villanueva appealed the decision to this court, which reversed the jurisdictional holding and remanded the case to the Civil Service Commission. Villanueva v. Commission on Ethics for Public Employees, 95-2002 (La.App.l Cir. 6/28/96); 676 So.2d 1202. The Supreme Court affirmed this court’s decision. Villanueva v. Commission on Ethics for Public Employees, 96-1912 (La.5/20/97); 693 So.2d 154.
The case before the Civil Service Commission was limited, by stipulation of the parties, to the testimony taken and the evidence introduced at the hearing before the Ethics Commission. Upon reviewing the record, the Civil Service Commission upheld the imposition of the fine, agreeing that Mr. Villanueva violated § 1112B(1) and (3) of the Code of Ethics. The Com *5 mission concluded that the evidence established that Mr. Villanueva’s department had an obligation to oversee the operations of permittees and that Mr. Villanueva was responsible for forwarding reports of any suspicious activities from the officers under his command to the Levee District administration. The Commission noted that as the Superintendent of Police, Mr. Villanueva had | ^supervisory authority over the officers who were to observe Dauvill’s operation of the landfill. Mr. Villanueva’s responsibilities to the Levee Board and Dauvill, the Commission concluded, created at least the appearance of a conflict of interest between Mr. Villanueva’s two employments. The Commission further found that Mr. Villanueva’s conduct impaired the efficiency of the public service and constituted legal cause for the disciplinary action against him, thereby upholding the imposition of the $5,000.00 fine by the Ethics Commission.
Mr. Villanueva appealed, raising 23 alleged errors. However, in his brief, he alleges only six assignments of error. The first group of alleged errors deals with the finding that he violated § 1112B. He contends that there was no evidence that he personally participated in a transaction in which the Board issued Dauvill a permit and claims that proof of participation by a public servant in the prohibited transaction is an essential element of a section § 1112 violation. He insists that there is no evidence showing that he interceded or acted on behalf of Dauvill with respect to the permit or ever refused to enforce the law in response to a complaint against Dauvill. Additionally, Mr. Villanueva contends that the Commission erred in ruling that the mere appearance of conflict of interest, regardless of personal participation in a transaction, contravenes the statute, and again urges that he did not participate in the issuance of permits by the Board. Lastly, he complains that the Commission engaged in speculation to find that a conflict of interest may exist, which he insists is insufficient to support the finding of a violation of § 1112B.
The mere fact that Mr. Villanueva may not have participated in the issuance of the permit to Dauvill does not defeat a finding that his conduct violated § 1112 of the Ethics |7Code. The Ethics Commission and the Civil Service Commission found it was Mr. Villanueva’s participation in the regulation and oversight of Dauvill, as part of his public employment, that gave rise to a perception of a conflict of interest and violated § 1112 of the Ethics Code. Thus, whether or not he personally participated in the permit process has no bearing on whether his conduct violated § 1112B.
Furthermore, the mere fact that there is no evidence indicating that Mr. Villanueva attempted to use his influence to obtain the permit or refused to enforce the law with respect to Dauvill, or that his officers ever attempted to refrain from inspection duties out of loyalty to their Chief does not preclude a finding of a violation of § 1112B. It is well settled that the Ethics Code is not a criminal statute whose aim is the punishment of persons guilty of public wrongdoing. Rather, its purpose is to prevent public officers and employees from becoming involved in conflicts of interest situations by prohibiting public servants from engaging in certain conduct. Bankston v. Board of Ethics for Elected Officials, 98-0189, p. 1 (La.6/22/98); 715 So.2d 1181, 1181-1182. The Code prohibits not only actual conflicts of interest, but also guards against the appearance of impropriety, and prevents situations which create the perception of conflicts of interest. Id. at p. 9; 1187; Fulda v. Louisiana Office of Public Health, 96-0647, p. 2 (La.5/10/96); 673 So.2d 201, 202; In Re Beychok, 495 So.2d 1278, 1281 (La.1986); In re Marceaux, 96- *6 1215, p. 4 (La.App. 1 Cir. 2/14/97); 689 So.2d 670, 673. In Glazer v. Commission on Ethics for Public Employees, 431 So.2d 752, 756 (La.1983), the court explained:
A conflict of interest is a situation which would require an official to serve two masters, presenting a potential, rather than an actuality, of wrongdoing. The wrongdoing does not have to occur in order for a prohibited conflict to exist. A public official may have done no wrong in the ordinary sense of the word, but a conflict of interest may put him in danger of doing wrong.... The Code is aimed at avoiding even this danger. (Citation omitted)
The evidence established that Mr. Villanueva, the manager and the only compensated employee of a company owned by his wife, was employed by the Levee District as the chief law enforcement officer whose department was responsible for overseeing the operation of that company to ensure that it acted in compliance with the Levee District’s regulations. We find that the Commission correctly concluded that this situation created the potential for a |sconflict of interest, which the Code of Ethics is designed to prevent, and that Mr. Villanueva’s two employments violated § 1112 of the Ethics Code.
The Civil Service Commission’s determination that Mr. Villanueva’s violation of § 1112 constituted legal cause to take disciplinary action against him may not be modified by this court unless that ruling is arbitrary, capricious or characterized by an abuse of discretion. Bannister v. Department of Streets, 95-0404, p. 8 (La.1/16/96); 666 So.2d 641, 647. Employing this standard of review, we find no error in its determination that Mr. Villa-nueva’s violation of the Ethics Code justified taking disciplinary action against him.
With respect to the penalty imposed by the Ethics Commission and upheld by the Civil Service Commission, it is established that the punishment imposed should be commensurate with the dereliction. Taylor v. Department of Health & Human Resources, Office of Charity Hospital of Louisiana at New Orleans, 491 So.2d 752, 755 (La.App. 1st Cir.1986). At the pertinent time, La. R.S. 42:1153 authorized a fine of up to $5,000.00 for a violation of the Ethics Code. The Commission imposed the maximum fine allowed by law on Mr. Villanueva.
The arbitrary and capricious, abuse of discretion standard of review governs this court’s evaluation of the Commission’s determination that the imposition of the maximum fine authorized under the Ethics Code was commensurate with Mr. Villanueva’s violation of the Ethics Code. Bannister v. Department of Streets, 94-0604, p. 8; 666 So.2d at 647. Here, Mr. Villanueva disclosed his wife’s interest in the company. Furthermore, he was not found guilty of any actual wrongdoing; rather, only a perceived conflict of interest was found to exist. Under these circumstances, we conclude that the imposition of the maximum fine is unduly harsh, and we find that the Commission abused its discretion in imposing the $5,000.00 fine. We determine that a $2,500.00 fine is appropriate under the facts of this case. Accordingly, we amend the Commission’s order to reflect that Mr. Villanueva is hereby ordered to pay the amount of $2,500.00 for violating the Ethics Code.
^CONCLUSION
Based on the foregoing, the judgment appealed from is amended in part and as amended, is affirmed. All costs of this appeal are assessed to appellant, Ignacio Villanueva.
AFFIRMED AS AMENDED.

. Dauvill appealed the decision of the Ethics Commission to this court which, in an unpublished opinion, affirmed. In re Dauvill, Inc., 94-1796 (La.App. 1 Cir. 5/5/95); 655 So.2d 818.