DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

VERA SAPROUNOVA HOPF,

Petitioner,

v.

ROBERT KASZUBA; POLMED P.A., a Florida corporation;
RK CLEARWATER PROPERTIES, INC., a Florida corporation;
BRIDGET HEPTNER, Guardian ad litem; COMPLETE HEALTH
OF TAMPA BAY, P.A., a Florida professional corporation; and
INTEGRATIVE WELLNESS & BEAUTY, INC., a Florida corporation,

Respondents.

No. 2D23-1009
_____

December 20, 2023

Petition for Writ of Certiorari to the Circuit Court for Pinellas County;
Frederick L. Pollack, Judge.

Michael A. Nedelman of Nedelman Legal Group PLLC, Delray Beach; and
Robert J. Moraitis and Peter M. Raimondi of Moraitis & Raimondi, LLP,
Fort Lauderdale, for Petitioner.

Jason Valkenburg of Valkenburg Law Group, P.A., Tampa, for
Respondent Robert Kaszuba.

No appearance for remaining Respondents.

SILBERMAN, Judge.

Vera Saprounova Hopf (the Wife) seeks certiorari review of the trial

court's order denying her motion to discharge the guardian ad litem

(GAL) appointed by stipulation to represent the parties' minor child. Because the Wife failed to establish irreparable harm, we dismiss the petition.

The Wife and Robert Kaszuba (the Husband) were married in 2011 and have one minor child together. The Wife filed her petition for dissolution of marriage and other relief in 2019. Later that year, the parties filed a joint stipulation for entry of an order appointing a GAL to represent their child's interests throughout the proceedings. In 2022, the Wife filed a motion to discharge the GAL and for other related relief. The trial court held a two-day hearing on the Wife's motion and denied it after finding that the Wife failed to establish bias or prejudice on the part of the GAL. The Wife then filed her petition for writ of certiorari with this court.

In her petition, the Wife argues that the trial court erred by applying the wrong legal standard for determining whether the GAL should have been discharged and that, even if the trial court applied the correct standard, the GAL violated the Wife's due process rights resulting in prejudice. The crux of the Wife's argument rests on the GAL's failure to provide notice of the interviews she conducted while performing her investigatory duties. While the GAL did fail to provide notice, we conclude that any harm resulting therefrom is curable and could be corrected on appeal.

Section 61.403(1), Florida Statutes (2022), provides that a GAL "may investigate the allegations of the pleadings affecting the child, and, after proper notice to interested parties to the litigation and subject to conditions set by the court, may interview the child, witnesses, or any other person having information concerning the welfare of the child." Here, the GAL did not provide notice to the parties as to whom she was

2

interviewing. However, she testified at the hearing that the parties, on their intake forms, provided her with the names of the individuals they each wished for her to interview. The parties' attorneys asked her "to expedite as many witness interviews as possible to get [her] report out to them for their court hearing."

A party seeking certiorari relief must establish "(1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case (3) that cannot be corrected on postjudgment appeal." *Halsey v. Hoffman*, 362 So. 3d 274, 276 (Fla. 2d DCA 2023) (quoting *Williams v. Oken*, 62 So. 3d 1129, 1132 (Fla. 2011)). "The second and third elements are jurisdictional, and this court must first analyze the jurisdictional elements before it can consider whether the lower tribunal departed from the essential requirements of law." *Plantz v. John*, 170 So. 3d 822, 824 (Fla. 2d DCA 2015) (citing *Williams*, 62 So. 3d at 1132). "If the petitioner fails to satisfy the jurisdictional elements, this court dismisses the petition rather than denying it." *Id.* (citing *Parkway Bank v. Fort Myers Armature Works, Inc.*, 658 So. 2d 646, 649 (Fla. 2d DCA 1995)).

The trial court relied upon two cases in making its decision, *Bouchard v. Bouchard*, 300 So. 3d 334 (Fla. 2d DCA 2020), and *O'Neill v. O'Neill*, 812 So. 2d 448 (Fla. 5th DCA 2002). In *Bouchard*, this court stated that "[t]o disqualify an agreed-upon guardian, 'the facts must be egregious, and the burden heavy. To do otherwise would invite any litigant who anticipates even a mildly unfavorable report by a guardian to seek the guardian's removal.' " 300 So. 3d at 337 (quoting *O'Neill*, 812 So. 2d at 450). "The court *must find that there is 'bias or prejudice on the part of the guardian ad litem.'* " *Id.* (emphasis added) (quoting *O'Neill*, 812 So. 2d at 450).

3

In *O'Neill*, like here, the trial court held a two-day hearing on a father's motion for disqualification of a GAL. 812 So. 2d at 450. Also like here, that "dissolution and custody case was highly contentious," and the parties stipulated to entry of an order appointing a GAL to represent their children's interests. *Id.* In *O'Neill*, the trial court relied upon a Wisconsin case, *Woodman v. Woodman*, 324 N.W.2d 297 (Wis. Ct. App. 1982) (unpublished opinion), when it determined that, although an appropriate set of egregious facts could lead to the disqualification of a GAL appointed by stipulation, the evidence there did not support disqualification. *Id.* at 450-51.

The father in *O'Neill* then "*appeal*[*ed*] the order denying his motion for disqualification" of the GAL. *Id.* at 450 (emphasis added). The Fifth District determined that competent, substantial evidence supported the trial court's findings and that the trial court did not abuse its discretion in denying the motion for disqualification. *Id.* at 451. Further, the court determined that the trial court did not apply an incorrect legal standard in deciding whether the GAL should be disqualified by requiring the movant to establish bias or prejudice on behalf of the GAL. *Id.*

In *Bouchard*, this court applied *O'Neill* when it granted the wife's petition for writ of certiorari. 300 So. 3d at 337-38. The trial court granted the husband's motion to disqualify and remove the agreed-upon GAL without conducting a hearing. *Id.* at 336. The trial court found that a "dispute over the payment of the Guardian Ad Litem fees ha[d] poisoned the necessary relationship between the Husband and the Guardian Ad Litem." *Id.*

In considering the wife's petition for writ of certiorari, we recognized that the disqualification of a GAL appointed by stipulation must only occur when the facts are egregious. *Id.* at 337 (citing *O'Neill*, 812 So. 2d

4

at 450).  We reiterated that "[t]he court *must find that there is 'bias or prejudice on the part of the guardian ad litem.'* "  *Id.* (emphasis added) (quoting *O'Neill*, 812 So. 2d at 450).  While we recognized that the fee payment dispute may have supported a determination that the GAL was biased or prejudiced, we concluded that the trial court departed from the essential requirements of the law by discharging the GAL without conducting a hearing on the husband's motion and by applying the wrong legal standard.  *Id.* at 337-38.

Here, at the conclusion of the hearing, the trial court expressed concern that the GAL did not provide notice to the parties before conducting witness interviews, as required by statute.  However, the court found *Bouchard* and *O'Neill* "to be highly persuasive and, candidly, controlling in many ways and directly on point."  The trial court provided an extensive analysis of both *Bouchard* and *O'Neill* and noted the similarities and differences between those cases and the facts here.

The court recognized that unlike in *O'Neill* and *Bouchard*, the GAL here has been serving in her role for over three years and has produced seven different reports, including a full report as well as interim or supplemental reports.  It also found that the Wife had not met her burden to present competent, substantial evidence "that this particular guardian ad litem has demonstrated a bias or prejudice to the parties, to either one of them individually."  Further, the court found as follows:

> [T]he parties are clearly now on notice as to whom the G.A.L.
> has spoken with and the parties can cure any defects and/or
> concerns they may have with any remarks of the individuals
> disclosed in the G.A.L.'s reports by deposing, or calling those
> individuals, as witnesses in order to discern and potentially
> support any requests to bolster, impeach, credit, discredit,
> strengthen, or reduce the weight which ultimately may be
> given [by] the Court in consideration of the G.A.L.'s reports
> and recommendations at the contested final hearing, when or

5

if there is one. As such, the parties have not suffered any irreparable harm by the G.A.L.'s failure to provide the advance notice of interviews of witnesses in her prior reports.

We agree with the trial court's analysis. And we distinguish *McBride v. McBride*, 195 So. 602 (Fla. 1940), cited by the Wife in support of her argument that the trial court erred by denying her motion. In *McBride*, the appellee was appointed as guardian of the appellant's estate. *Id.* at 603. The appellant moved for the guardian's discharge based on neglect and failure to perform his statutory duty to deposit and invest funds. *Id.* The supreme court determined that the guardian was properly discharged as guardian of the estate because he "was guilty of neglect, misbehavior and failure in the performance of his duties in the management of his ward's estate." *Id.* at 604.

As an initial distinction, there is no indication that the guardian of the estate in *McBride* was appointed by stipulation of the parties. Further, that case dealt with a guardian of an estate and not a GAL. Both *Bouchard* and *O'Neill* stand for the proposition that discharging an agreed-upon GAL must be done only under an egregious set of facts and when bias or prejudice on the part of the GAL is shown. *See Bouchard*, 300 So. 3d at 337; *O'Neill*, 812 So. 2d at 450.

Here, the trial court correctly found that the Wife failed to establish the required bias or prejudice on the part of the GAL. While the GAL failed to provide advance notice to the parties of the interviews she was conducting during her investigation, the trial court properly determined that the parties may cure any defects or concerns by deposing the witnesses or calling any of them to testify at the final hearing. Because the Wife has failed to show irreparable harm, she is not entitled to certiorari relief. As a result, we dismiss her petition.

Dismissed.

6

MORRIS and BLACK, JJ., Concur.

_____

Opinion subject to revision prior to official publication.